# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |  |
|---|---|---|
| CALVIN HUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00064-CDP |
| | ) | |
| WILLIAM D. MCKINNEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Calvin Hutson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.83. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official capacity claim without prejudice, but will direct the Clerk of Court to issue process on defendant William D. McKinney, Jr. in his individual capacity.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff has submitted a certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $9.15. The Court will therefore assess an initial partial filing fee of $1.83, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at Potosi Correctional Center (PCC) in Mineral Point, Missouri. (Docket No. 1 at 3). He brings this action pursuant to 42 U.S.C. § 1983, naming Dr. William D. McKinney, Jr. as defendant. Dr. McKinney is employed by Corizon and provides health care at PCC. He is sued in both his official capacity and individual capacity.

Plaintiff states that he arrived at PCC on May 1, 2013. (Docket No. 1 at 5). At that time, he had been diagnosed with left arm thrombosis. Initially, he was prescribed medication for this condition by a specialist. However, after two years, this medication ran out. Plaintiff alleges that Dr. McKinney refused to renew the medication. He also claims that Dr. McKinney has refused any further treatment. Due to a lack of treatment, plaintiff states that his hand is now deformed and tightened into a fist. Plaintiff asserts that he has sent several medical service requests asking

for surgery to fix his hand, but all requests have been denied. He alleges that despite losing the use of his hand and suffering pain, Dr. McKinney continues to deny him medical care.

Plaintiff seeks money damages, an injunction, and declaratory judgment. (Docket No. 1 at 6). Specifically, he is requesting $1 million in compensatory damages and $1 million in punitive damages.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges that Dr. McKinney has been deliberately indifferent to his medical needs regarding his left arm thrombosis. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, plaintiff's official capacity claim against Dr. McKinney must be dismissed. However, the Court will direct the Clerk of Court to issue process on Dr. McKinney in his individual capacity.

### A. Official Capacity Claim

Plaintiff's official capacity claim against Dr. McKinney must be dismissed because he has not alleged that Corizon has an unconstitutional policy or custom that caused him an injury that is actionable under § 1983.

An official capacity claim against an individual is actually a suit against the individual's employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Dr. McKinney is employed by Corizon. As such, plaintiff's official capacity claim must be directed against that entity.

Corizon is a private company that contracts with the Missouri Department of Corrections to provide medical treatment to inmates. A corporation acting under color of state law cannot be liable on a respondeat superior theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a

4

policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face…a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, an unconstitutional custom can be demonstrated by establishing:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Plaintiff has presented no allegations to suggest that his constitutional rights were violated by an official Corizon policy. That is, he does not indicate that his treatment resulted from a deliberate choice made by a Corizon official with authority over such matters. Likewise,

he has not established that his rights were violated due to an unofficial custom. Specifically, he has not alleged a continuing, widespread, persistent pattern of misconduct, much less that Corizon's officials authorized such misconduct. Indeed, Corizon is only mentioned in plaintiff's complaint as being Dr. McKinney's employer. However, as noted above, Corizon cannot be held liable simply because it employs him. Accordingly, plaintiff has failed to state a claim against Dr. McKinney in his official capacity.

### B. Individual Capacity Claim

Plaintiff's claim that Dr. McKinney was deliberately indifferent to his serious medical needs is sufficient for purposes of § 1915 review. The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

6

Here, plaintiff alleges that when he arrived at PCC, he had already been diagnosed with a serious medical condition for which he was receiving medication. He states that when his prescription ran out after two years, Dr. McKinney refused to have it renewed or provide further treatment. As a result, plaintiff claims that he suffers from pain and has lost the use of his hand. The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). With that in mind, plaintiff's allegations are adequate to survive § 1915 review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.83 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claim against defendant William D. McKinney, Jr. is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant William D. McKinney, Jr. in his individual capacity as to plaintiff's claim of deliberate indifference to his medical needs, pursuant to the service agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 29th day of April, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE