UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN HUTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 64 CDP |
| ) | |
| WILLIAM MCKINNEY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Calvin Hutson moves for the appointment of counsel to assist him in this prisoner civil rights action. Because Huston has demonstrated an adequate ability to present his claims to this Court, I will deny the motion.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Hutson cites to rules governing habeas corpus cases brought under 28 U.S.C. § 2254 and other habeas statutes, but this is not a habeas case. In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Hutson claims that defendant Dr. William McKinney, a physician who treats inmates at the Potosi Correctional Center, has and continues to deny Hutson medical treatment.  Hutson has demonstrated that he can adequately present his claims to the Court.  Moreover, neither the factual nor the legal issues in this case are complex; Hutson alleges only one often-litigated claim involving evidence which will consist almost entirely of medical records that he already has access to.[1]  Additionally, Huston has submitted two motions to extend his filing deadline for his response to McKinney's motion for summary judgment in compliance with the federal rules and the local rules of this Court.  I will therefore deny Huston's motion for the appointment of counsel.

The Court is sensitive to the added difficulties and delays Hutson may face in litigating his claim due to the COVID-19 pandemic.  Although Huston's deadline to file a response to McKinney's motion for summary judgment has passed, I will grant Hutson an additional 30-day extension from the date of this Order to file a response to McKinney's motion.  Plaintiff is cautioned that no further extensions will be given absent exceptional circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of

---

[1] Hutson filed a supplement to his complaint containing his medical records from the Potosi Correctional Center.  ECF 29.  Whether conflicting evidence or testimony exists in this case will be determined when the Court considers the summary judgment motion.

Counsel [28] is denied.

**IT IS FURTHER ORDERED** that plaintiff may file a response to defendants' Motion for Summary Judgment [ECF 19] by no later than thirty (30) days from the date of this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2020.